IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELISSA HALFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIV. ACT. NO. 2:07cv180-ID |
| v. ) | (WO) |
| ) | |
| DEER VALLEY HOME BUILDERS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the court are the following motions: (1) motions to compel arbitration and motions to stay, filed by Defendants Deer Valley Home Builders, Inc. ("Deer Valley") and Timberline Homes, Inc. ("Timberline Homes") (Doc. Nos. 4, 6); (2) a motion to dismiss or stay and to compel binding arbitration, filed by Gary Harris d/b/a 3-D Mobile Home Movers ("Harris") (Doc. No. 1); and (3) a motion to remand this removed action back to the Circuit Court of Butler County, Alabama, filed by Plaintiff Melissa Halford ("Halford"). (Doc. No. 12.)

Invoking the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, Deer Valley, Timberline Homes and Harris contend that the claims brought against them, all of which arise under federal law, are subject to arbitration by virtue of a binding arbitration agreement signed by Halford. Halford consents to the motions to compel arbitration filed by these three Defendants. (Doc. No. 14.) Deer Valley and Timberline Homes move the

court to stay this litigation pending the conclusion of the arbitration proceedings. Harris also moves for a stay, but only as an alternative to a dismissal.

Halford also has sued a fourth defendant, Evergreen Concrete Co., Inc. ("Evergreen Concrete"). Only state-law claims are pending against it. Neither Halford nor Evergreen Concrete has asserted that the arbitration agreement applies to these state-law claims. Halford, however, moves the court to remand the state-law claims against Evergreen Concrete back to the Circuit Court of Butler County, Alabama, pursuant to 28 U.S.C. § 1367(c)(2), as well as the arbitrable federal-law claims asserted against Deer Valley, Timberline Homes and Harris. Evergreen Concrete has no objection to a remand of the state-law claims to state court, (Doc. No. 15), and neither Deer Valley, Timberline Homes nor Harris has interposed any objection thereto. (Doc. Nos. 14, 16-17.) After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the motions to arbitrate are due to be granted and that the arbitrable claims are due to be dismissed without prejudice, that the motions to stay are due to be denied as moot, and that the motion to remand is due to be granted in part and denied in part.

## II. JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1441(a) (removal jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction). It is the existence of a

federal statutory cause of action under the Magnuson-Moss Warranty–Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301-2312 ("Magnuson-Moss Act"), which confers federal-question jurisdiction upon the court.[1]  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations of both.

### III.  BACKGROUND

Halford filed a three-page complaint in the Circuit Court of Butler County, Alabama, against Deer Valley, Timberline Homes, Harris and Evergreen Concrete, alleging claims under the Magnuson-Moss Act, and a number of state-law claims, all arising from the sale of a manufactured home to Halford in October 2001.  More specifically, Halford contends that she purchased a manufactured home from Timberline Homes in Greenville, Alabama.  The home was manufactured by Deer Valley.  (Compl. ¶ 7.)  Timberline Homes "made arrangement[s]" for Harris and Evergreen Concrete to move and install the manufactured home.  (Id.)  Halford complains, generally, that the manufactured home "was defective in [its] design, manufacture, distribution,

---

[1] The court notes that, while Defendants have invoked the FAA, it is well established that the FAA does not provide an independent basis for federal subject matter jurisdiction.  See Southland Corp. v. Keating, 465 U.S. 1, 15 n.9 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise."); Moses H. Cone Mem. Hosp. v. Mercury Constr. Co., 460 U.S. 1, 25 n.32 (1983) ("The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction.  It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction.").

transportation, delivery, sale and installation and [was] not as represented and warranted to [Halford]."  (Id. ¶ 8.)

The complaint contains four counts, alleging negligence (Count One), breach of express and implied warranties (Count Two), violations of the Magnuson-Moss Act (Count Three), and misrepresentation (Count Four).  Although in the complaint each count is asserted in the plural against all "Defendants," Halford has clarified that she brings the state-law claims in Counts One, Two and Four only against Evergreen Concrete and that she brings the federal-law claims in Count Three against Deer Valley, Timberline Homes and Harris.  (See Doc. No. 12 ¶¶ 2-3.)  Halford requests compensatory and punitive damages, replacement of her manufactured home, and attorney's fees and costs.  (Compl. at 3.)

The four named Defendants timely and properly removed the case to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441(a), the statute which permits a defendant to remove a lawsuit which falls within the original jurisdiction of the federal district courts, on the basis that the complaint includes claims made pursuant to the Magnuson-Moss Act, see 28 U.S.C. § 1331(a).  Also, in their removal papers, Defendants reserved their rights to demand arbitration.  (Defs. Removal Pet. at 1 (Doc. No. 1).)

4

### IV.  DISCUSSION

#### A.  Motions to Compel Arbitration

Invoking the FAA, Deer Valley, Timberline Homes and Harris move to compel arbitration of all claims asserted against them, pursuant to the agreement for binding arbitration Halford signed in connection with the purchase of her manufactured home. (Agreement for Binding Arbitration, attached as Ex. B to Doc. No. 4.)  The court finds that the FAA applies in this case, that the transaction which is the subject of the arbitration provision involved interstate commerce, that the written arbitration agreement is valid and enforceable, and that the federal-law claims asserted against Deer Valley, Timberline Homes and Harris are subject to arbitration.  See 9 U.S.C. §§ 2, 4.  The authority and evidence upon which the foregoing Defendants rely support these findings (see Doc. Nos. 4, 6), and Halford has not argued to the contrary.  Indeed, Halford readily concedes that all of her federal-law claims against these three Defendants are subject to the binding arbitration agreement which covers these disputes.  (Doc. No. 11.) Accordingly, the court finds that the motions to compel arbitration filed by Deer Valley, Timberline Homes and Harris are due to be granted on the merits and as unopposed.

#### B.  Motions to Dismiss or Stay

In conjunction with his motion to compel arbitration, Harris moves the court to dismiss the arbitrable claims or, alternatively, to stay this litigation pending arbitration. Deer Valley and Timberline Homes join Harris to the extent that they move for a stay,

5

pursuant to 9 U.S.C. § 3. Halford does not oppose a stay of the arbitrable claims.[2] For the reasons to follow, the court agrees with Harris' primary argument for dismissal.

Stays under the FAA are governed by 9 U.S.C. § 3, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Although 9 U.S.C. § 3 speaks in terms of requiring a stay in the circumstances noted, there is authority from district courts in this circuit and other circuit courts of appeals which clearly supports a dismissal of an action when, due to an order compelling arbitration, there are no substantive claims left pending before the district court. In this circuit, another judge of this court recognized that, "[w]here all of the issues raised in a complaint must be submitted to arbitration, courts have held that a dismissal of the action is appropriate, since retaining jurisdiction and staying the action does not serve judicial economy." Clayton v. Woodmen of World Life Ins. Soc., 981 F. Supp. 1447, 1451 (M.D. Ala. 1997) (Albritton, J.) (citations omitted). Similarly, the

---

[2] The court notes that, although Halford does not oppose a stay, she simultaneously asks the court to remand the arbitrable claims to state court. (Doc. No. 12 ¶ 7.) The court addresses the motion to remand in the next subsection, but notes that Timberline Homes has misconstrued the full effect of Halford's motion to remand when it states that Halford's motion to remand "is limited to" her state-law claims against Evergreen Concrete. (Doc. No. 14 at 1.)

district court in Dale v. Comcast Corp., found that 9 U.S.C. § 3 does not prohibit a district court from dismissing an action "where all of the issues raised in the action must be submitted to arbitration." 453 F. Supp.2d 1367, 1378 (N.D. Ga. 2006) (citing Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001)); see also Gilchrist v. Citifinancial Servs., Inc., No. 6:06cv1727- Orl-31KRS, 2007 WL 177821,*4 (M.D. Fla. Jan. 19, 2007) (same).

In Gilchrist, the court observed that, although the Eleventh Circuit had not directly addressed the propriety of dismissal in lieu of a stay under 9 U.S.C. § 3, it had "frequently affirmed where the district court compelled arbitration and dismissed the underlying case." 2007 WL 177821, *4 (collecting cases). The court, therefore, concluded that, from aught that appears, "the Eleventh Circuit would permit the dismissal of an action in which all of the claims are subject to arbitration." Id. Also, as recognized in Dale, *supra*, the Fifth Circuit expressly has concluded that 9 U.S.C. § 3 "'was not intended to limit dismissal of a case in the proper circumstances.'" 453 F. Supp.2d at 1378 (quoting Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)). As ascertained by the Alford court, "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." 975 F.2d at 1161 (emphasis in original); see also Fedmet Corp. v. M/V BUYALYK, 194 F.3d 674, 678 (5th Cir. 1999) ("If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate."). In Dale, therefore, the court opined that, where all of the claims in the lawsuit are subject to

7

arbitration, a proper circumstance to dismiss arises because "it would serve no purpose for the court to retain jurisdiction and stay the action." 453 F. Supp.2d at 1378.  As support for its finding, the Dale court cited parenthetically the opinion of Sea-Land Services, Inc. v. Sea-Land of Puerto Rico, Inc. ("Sea-Land"), 636 F. Supp. 750 (D.P.R. 1986), for the proposition that, under the FAA, "any post-arbitration remedies sought by [the] parties would be limited to a judicial review of the arbitrator's award rather than adjudication of the merits of the controversy."[3]  Id. (citing Sea-Land, 636 F. Supp. at 757); see also Montes v. Shearson Lehman Bros., Inc., 128 F.3d 1456, 1458 (11th Cir. 1997) (observing that "[j]udicial review of arbitration awards under the FAA is very limited").

The Fifth Circuit's holding in Alford, above, does not stand alone.  At least four other circuits are in accord.  See Choice Hotels Int'l, Inc., 252 F.3d at 709-10 ("Notwithstanding the terms of [9 U.S.C.] § 3, . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); Bercovitch v. Baldwin School, Inc., 133 F.3d 141, 156 n.21 (1st Cir. 1998) ("[A] court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable."); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988)

---

[3] The court notes that the Fifth Circuit in Alford also cited Sea-Land with approval.  See Alford, 975 F.2d at 1164.

(holding that 9 U.S.C. § 3 does not preclude the court's authority to enter a dismissal); but see Lloyd v. Hovensa, LLC., 369 F.3d 263, 269 (3rd Cir. 2004) (holding that "the plain language of [9 U.S.C.] § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration").

    Here, as previously found by the court and agreed to by Halford, all of the claims Halford brings against Deer Valley, Timberline Homes and Harris are subject to arbitration.  The court finds that the posture of this case parallels that in Gilchrist, *supra*, Dale, *supra*, and other cases cited above, notwithstanding that in this lawsuit Halford brings additional claims against Evergreen Concrete which are not subject to arbitration. Namely, as discussed in the next section, the court finds that the state-law claims against Evergreen Concrete are appropriate for remand back to the Circuit Court of Butler County.  The court finds that dismissal of the arbitrable claims is no less proper in this case than in Gilchrist and Dale because, at the end of the day, no claims remain which are subject to a merits determination by this court.  Cf. Bercovitch, 133 F.3d at 156 n.21 ("Because we find that the two federal claims in this case-those brought under the ADA and the Rehabilitation Act-are arbitrable, there is only pendent jurisdiction over the one state-law claim.  The district court therefore has discretion to dismiss the entire action."). Accordingly, the court finds that Harris' motion to dismiss is due to be granted.  The dismissal shall be without prejudice because not all Defendants have requested dismissal. See Jureczki v. Banc One Texas, N.A., 252 F. Supp.2d 368, 380 (S.D. Tex.), aff'd without op., 75 Fed. Appx. 272 (5th Cir. 2003).  Consequently, the court finds that Harris'

alternate motion for a stay, as well as Deer Valley's and Timberline Homes' motions to stay, are due to be denied as moot.

### C. Motion to Remand

Contemporaneously with the filing of her response consenting to arbitration of her claims against three of the Defendants, Halford filed a motion to remand this lawsuit to the Circuit Court of Butler County, Alabama. As grounds for her motion, Halford points out that her claims against Evergreen Concrete, a non-diverse defendant, implicate only state law and relate to the alleged improper installation of the concrete footers underneath her manufactured home. Because there is no diversity between Halford and Evergreen Concrete, Halford contends that the court has discretionary authority to remand this case to state court pursuant to 28 U.S.C. § 1367(c)(2), which provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." Halford argues that her consent to arbitrate the federal-law claims, which provided the basis for removal in the first place, minimizes the import of these claims in this litigation. As such, Halford contends that the remaining state-law claims to be litigated against Evergreen Concrete substantially predominate over the arbitrable federal-law claims.  (Doc. No. 12 at 2-3.) As an alternative basis for remand, Halford cites 28 U.S.C. § 1367(c)(3), but she implicitly concedes that a court order directing the parties to arbitrate the federal-law claims is not tantamount to a dismissal of those claims.

10

(See id. at 4); cf. Germania Dairy Automation v. Rieberjo B.V., No. 01-C-365-C, 2001 WL 34373165 (W.D. Wis. Sept. 24, 2001) (rejecting plaintiffs' argument that, once the federal-law claims were submitted to arbitration, "there is no independent basis on which this court can exercise subject matter jurisdiction" and finding that "[t]he federal question does not disappear once the motion to compel arbitration is granted").

Evergreen Concrete did not specifically address Halford's arguments, but states that it does not object to Halford's motion to remand the state-law claims against it to the Circuit Court of Butler County, Alabama. (Doc. No. 15.) For the reasons to follow, the court finds that a remand of Halford's state-law claims is appropriate under 28 U.S.C. § 1367(c)(3).[4]

This case stands in a different posture than when Halford filed her motion to remand. Namely, as discussed in the preceding subsection, the court now has determined that dismissal of the arbitrable federal-law claims is appropriate, leaving only the state-law claims present. For the reasons to follow, given the impending dismissal of the federal-law claims, the procedural posture of this case renders 28 U.S.C. § 1367(c)(3) applicable.

---

[4] For clarity, the court notes that 28 U.S.C. §§ 1441(c) and 1447(c) are not at issue. First, the parties agree that 28 U.S.C. § 1441(c) does not govern the determination of remand because the supplemental state-law claims derive from the same nucleus of operative fact as the federal-law claims. Second, 28 U.S.C. § 1447(c) does not apply because federal question jurisdiction existed on the date of removal. See Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (a remand based upon 28 U.S.C. § 1447(c) is proper only when it is later determined that jurisdiction was lacking at the time of removal).

In any civil action in which a district court has original jurisdiction under 28 U.S.C. § 1331, it also shall have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Pursuant to 28 U.S.C. § 1367(c)(3), however, the court has discretion to decline jurisdiction over a claim supported only by supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Additionally, although 28 U.S.C. § 1367(d) speaks in terms of dismissal of supplemental state-law claims, it is well established that the district court is permitted to remand those claims back to state court when the federal claim which supported removal is dismissed. See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 165-66 (1997) (holding that supplemental jurisdiction statute, 28 U.S.C. § 1367, applies to removal actions); Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1350 (11th Cir. 1998) (observing district court's discretionary authority to remand state-law claims in removed cases pursuant to 28 U.S.C. § 1367(c)). As explained by the Supreme Court, in a properly-removed case, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," generally the interests of "judicial economy, convenience, fairness, and comity" will weigh in favor of a remand of the state-law claims to state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-51, 357 (1988); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("[n]eedless decision of state law should be avoided both as a matter of comity and to promote justice between the

12

parties, by procuring for them a surer-footed reading of applicable law[;] [c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well").

Here, the proceedings are in their infancy. A Uniform Scheduling Order has not been entered; therefore, no court-imposed deadlines, including pretrial hearing and trial dates or discovery time lines, have been established. Given the procedural posture of this case, the court finds that it would be more advantageous and preferable for the courts of the State of Alabama to interpret and decide issues of Alabama law, rather than having this court decide. The court can envision no reason, and none has been offered, for the court to retain supplemental jurisdiction over Halford's state-law claims against Evergreen Concrete. Overall, the court finds that judicial economy, convenience, fairness and comity weigh in favor of the court relinquishing jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(c)(3).[5]

As a final matter, the court observes that Halford suggests that the court not only remand the state-law claims against Evergreen Concrete, but also the arbitrable federal-law claims against Deer Valley, Timberline Homes and Harris, pursuant to 28 U.S.C. § 1367(c). (Doc. No. 12 ¶ 7.) Halford's argument, however, is foreclosed by a prior decision of the Eleventh Circuit. See <u>In re</u> City of Mobile, 75 F.3d 605 (11th Cir. 1996). In City of Mobile, the Eleventh Circuit held that "[s]ection 1367(c) cannot be fairly read

---

[5] The court notes that, in light of its findings herein, the court need not address Halford's argument made pursuant to 28 U.S.C. § 1367(c)(2).

as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim." Id. at 607.  Although a district court has authority to decline jurisdiction over a supplemental state-law claim on any of the grounds set out in 28 U.S.C. § 1367(c)(1)-(4), a district court "must retain jurisdiction over the properly removed federal claim." Id. at 608.  Here, there is no dispute that the federal-law claims brought pursuant to the Magnuson-Moss Act were properly removed.

In further support of her remand argument, Halford points out that the Circuit Court of Butler County has jurisdiction to conduct any post-arbitration proceedings. (Doc. No. 12 ¶ 7) (citing Agreement for Binding Arbitration which provides that "[j]udgment on any award rendered by the arbitrator may be entered in and enforced by any Court of competent jurisdiction").)  Halford has not provided any authority for the proposition that the court has discretion to remand a case based on the existence of concurrent jurisdiction with the state courts.  The absence of supporting authority is not surprising, because the case law is directly to the contrary.  See Baldwin v. Sears, Roebuck & Co., 667 F.2d 458, 460 (5th Cir. 1982) (absent "an express declaration of Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable."); Hooper v. Albany Int'l Corp., 149 F. Supp.2d 1315, 1324 (M.D. Ala. 2001) ("As long as th[e] federal court itself possesses jurisdiction over [p]laintiff's suit, the fact that the state court shares concurrent jurisdiction over the action provides no support for [p]laintiff's motion to remand."), aff'd without op., 88 Fed. Appx. 384 (11th Cir. 2003).  The court, thus, finds that there is no

basis to remand the arbitrable federal-law claims alongside the state-law claims. Accordingly, the court finds that Halford's motion to remand is due to be granted in part and denied in part.

## VI.  ORDER

For the reasons asserted herein, it is CONSIDERED and ORDERED as follows:

(1) the motions to compel arbitration, filed by Defendants Deer Valley Home Builders, Inc. ("Deer Valley"), Timberline Homes, Inc. ("Timberline Homes") and Gary Harris d/b/a 3-D Mobile Home Movers ("Harris") (Doc. Nos. 1, 4, 6), be and the same are hereby GRANTED and Plaintiff Melissa Halford ("Halford") is hereby DIRECTED to proceed to arbitration in accordance with the terms of the Agreement for Binding Arbitration;

(2) the motion to dismiss, filed by Harris (Doc. No. 1), be and the same is hereby GRANTED and all claims which are subject to arbitration, as set out herein, are hereby DISMISSED without prejudice;

(3) the motions to stay, filed by Deer Valley and Timberline Homes (Doc. Nos. 4, 6), be and the same are hereby DENIED as moot;

(4) Halford's motion to remand the state-law claims asserted against Evergreen Concrete Co., Inc., (Doc. No. 12) be and the same is hereby GRANTED and said claims are hereby remanded to the Circuit Court of Butler County, Alabama, pursuant to 28 U.S.C. § 1367(c)(3), but said motion is otherwise DENIED; and

(5) there being no remaining triable issues, the clerk is DIRECTED to close this case.

DONE this 25th day of April, 2007.

/s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE